**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Angela Maddox, | Case No. 20-CV-2377 (JRT/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Dr. Richard Zera, Jennifer Hauff, Juliet Tatsumi, HCMC Hospital, Hennepin Faculty Associates (HFA), | |
| Defendants. | |

This action comes before the Court on Plaintiff Angela Maddox's initial pleading in this action (*see* Compl. [ECF No. 1]), as well as her application to proceed *in forma pauperis* [ECF No. 2]. For the following reasons, the Court recommends dismissing this action without prejudice for lack of jurisdiction and denying the IFP application as moot.

**I.   BACKGROUND**

   **A.   State Court Action**

This case stems from a December 2016 surgery performed on Maddox by Defendant Richard Zera at the Hennepin County Medical Center ("HCMC"). *See* Order Granting Summ. J. Against Pl. 1, *Maddox v. Zera*, Case No. 27-CV-18-13356 (Minn. Dist. Ct. Apr. 24, 2020) (hereafter "State Court Order").[1] In essence, Maddox believes

---

[1] The State Court Order was not submitted to the Court. But it and other state court filings are publicly accessible online, and this Court may take judicial notice of public court records. *See, e.g.*, *Bellanger v. Bosch*, Case No. 19-CV-2770 (PAM/BRT), 2020 WL 7632147, at *1 (D. Minn. Nov. 24, 2020) (citing *Bellino v. Grinde*, Case No. 18-CV-

that the surgical work done during the procedure went beyond what she consented to beforehand. *See id.*[2]

In August 2018, Maddox filed suit in Minnesota state court, listing 16 causes of action and naming as defendants various HCMC entities, Zera, and other individuals. *See id.* at 3 & n.9; Register of Actions, *Maddox v. HCMC Comprehensive Cancer Center*, Case No. 27-CV-18-13356 (Minn. Dist. Ct.). In April 2019, the state court granted a motion to dismiss (1) all individuals other than Zera; (2) most of the HCMC entities; (3) Maddox's medical malpractice claims; and (4) "many related claims." *See* State Court Order at 1. What remained were medical battery claims against Zera and HCMC itself. *See* State Court Order at 4.

On April 24, 2020, the state court issued an order granting the remaining defendants' motion for summary judgment. *Id.* at 1, 9. The state court noted various problems with Maddox's case[3] before concluding that the claims failed because

---

1013 (NEB/LIB), 2019 WL 368398, at *1 n.1 (D. Minn. Jan. 30, 2019)), *report and recommendation adopted*, 2020 WL 7624840 (D. Minn. Dec. 22, 2020).

[2] The key dispute here is that Maddox believed she had consented to "incision and drainage" on her left breast; she signed an informed consent form using that phrase. *See* State Court Order at 1–2. During the procedure, Zera removed certain tissue as well, leaving "a wound of about 4 cm x 2.5 cm that extended under [Maddox's] nipple." *Id.* at 2. Zera's view, expressed in state court filings, is that given Maddox's medical conditions, "'an incision and drainage procedure is substantially similar to a mass excision procedure,'" such that "'consent to a surgical incision and drainage procedure necessarily gives consent to the removal of the mass.'" *Id.* (quoting affidavit submitted in state court proceedings).

[3] According to the state court:

> [E]ven if this case could have proceeded and she had proven lack of understanding, [Maddox] still would have had a difficult time proving that she had been damaged. Medical torts are accompanied by a host of difficulties, both procedural and substantive. The expert affidavit

2

"[n]either HCMC nor Dr. Zera [had been] properly served." *Id.* at 6. The crucial issue was that, while the court found that Jennifer Hauff, an employee of Hennepin Healthcare System, had been served with a summons and copies of the complaint, the court concluded that Hauff could not accept service for either HCMC or Zera. *See id.* at 6–7. The court then determined that (1) no amendment could fix the problem; (2) substantial compliance and actual notice of the suit was insufficient under Minnesota law; and (3) HCMC and Zera had not waived the insufficient-service-of-process defense. *See id.* at 7–8. In conclusion, the court stated, "[b]ecause Plaintiff's attempted service did not comply with the Rules of Civil Procedure, this Court lacks jurisdiction over Plaintiff's claims," and "Plaintiff's claims must therefore be dismissed." *Id.* at 9.[4]

---

> requirement, which, under the Court's previous ruling, barred several of Plaintiff's claims, may equally apply to Plaintiffs battery claims. Plaintiff may have been unable to prove that she did not consent to the surgery without an expert to explain the differences between the surgery she received and the surgery she claims she consented to. And the lack of an expert certainly would have harmed Plaintiff's ability to prove that any unconsented touching was the cause of her damages, particularly in light of [] her pre-existing pain in the same area as the pain which she argued was caused by the surgery. She would not have been able to testify that the operation caused nerve damage, or loss of function, or removed milk ducts, because that would require an expert. Simply put, even if Plaintiff could have shown problems with the consent process, the key elements of her battery claim would have been difficult to prove.

State Court Order at 5–6.

[4] In a footnote, the state court noted the apparent inequity here:

> The court is bound by the law and must dismiss the case. However, the court is deeply troubled by the questions this case raises regarding procedural fairness and access to justice. This Plaintiff is pro se and is suing a large sophisticated public hospital. She has a non-frivolous claim that she was not told about the operation that was going to be done to her—a claim for medical battery. She took her summons and complaint to the Sheriff—who is charged with properly serving parties and relied on them to do the job properly. A

3

### B. State Court Appeal

Maddox's procedural difficulties continued on appeal. On July 24, 2020, Maddox tried to file a notice of appeal and related documents with the Minnesota Court of Appeals, but the "clerk of appellate courts rejected the documents because they were unsigned." Order at 1, *Maddox v. Zera*, Case No. A20-1020 (Minn. Ct. App. Aug. 10, 2020). On July 31, 2020, Maddox filed a motion for an extension alongside various other filings. *See id.* The court of appeals granted Maddox's request for an extension of time to file the appeal, but noted that "[t]imely service of a notice of appeal upon adverse parties is jurisdictional." *Id.* at 3 (citing cases). Reviewing materials submitted by Maddox, the court of appeals concluded that "there ha[d] been no showing of service of the notice of appeal on respondents within the maximum extension period allowed," and so the court of appeals "lack[ed] jurisdiction over this appeal." *Id.* at 4. The court of appeals therefore dismissed Maddox's appeal. *See id.* Maddox filed a petition for further review, but the Minnesota Supreme Court denied it in October 2020. *See* Order at 1, *Maddox v. Zera*, Case No. A20-1020 (Minn. Oct. 20, 2020).

---

> manager, not a receptionist or security guard, accepted these papers and immediately passed them on to the appropriate part of the organization. There can be no argument that HCMC has been prejudiced by this. Why should it be that this citizen should be denied her right to air her claim in court? The basic concept of access to our legal process for all citizens becomes a false promise if technicalities become barriers to entry. Hopefully the rules regarding service will be reviewed and modified so that the door to the courtroom is open to all.

*Id.* at 9 n.16.

### C. Complaint

Maddox filed the present Complaint on November 23, 2020. (*See* Compl. at 1.) She names five defendants: (1) Zera; (2) Hauff; (3) Juliet Tatsumi, a physician at HCMC Hospital; (4) "HCMC Hospital"; and (5) "Hennepin Faculty Associates." (*Id.* at 1–2.) She asserts ten causes of action. (*See id.* at 1–2, 6–21.) She purports to bring six causes of action under 42 U.S.C. § 1983—assault, battery, "consent," breach of contract, intentional infliction of emotional distress, and intent to cause bodily harm—and four more causes of action under 28 U.S.C. § 2680—abuse of process, misrepresentation, deceit, and "interven[ing] with transmission of letters or postal matter." (*Id.* at 1–2.)

In addition to these causes of action, the Complaint also suggests that Maddox wants "a new trial seeking to appeal the Court's Order." (*Id.* at 3.) The argument here is not entirely clear, but Maddox appears to want this Court to reconsider the state court's handling of the notice issues underpinning the State Court Order. (*See id.* at 3–5.)

## II. ANALYSIS

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Review of the Complaint shows that the Court lacks jurisdiction over all of the claims that Maddox seeks to bring here.

### A. Claims Under 42 U.S.C. § 1983

The Court will first address Maddox's purported claims under 42 U.S.C. § 1983. The statute provides:

5

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The key problem for Maddox's purported § 1983 claims is that she is trying to bring state law causes of action. Assault, battery, breach of contract, and intentional infliction of emotional distress are paradigmatic state law claims. Maddox's claim regarding "consent" is, in this Court's estimation, duplicative of her battery claim, since it is the lack of consent that makes Zera's alleged conduct a battery. (*See* Compl. at 4–6.) And Maddox's claim for "intent to cause bodily harm" runs essentially parallel to her intentional infliction of emotional distress claim, since both seem largely aimed at establishing that Zera's conduct was intentional. (*See id.* at 13–14.)

This is a problem for Maddox because § 1983's language regarding the "rights, privileges, or immunities secured by the Constitution and laws," refers to *federal* laws. It is well established that state law violations cannot themselves create claims under § 1983. *See, e.g.*, *Collins v. Bellinghausen*, 153 F.3d 591, 596 (8th Cir. 1998) (quoting *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993)); *Udoh v. Minn. Dep't of Human Servs.*, Case No. 16-CV-3119 (PJS/SER), 2017 WL 9249426, at *18 (D. Minn. July 26, 2017) (citing *Collins*), *report and recommendation adopted*, 2017 WL 4005606 (D. Minn. Sept. 12, 2017), *aff'd*, 735 F. App'x 906 (8th Cir. 2018).

Accordingly, § 1983 does not provide this Court with jurisdiction to address Maddox's state law causes of action. The Court is aware of no other jurisdictional

6

ground for the claims, since neither federal question jurisdiction (28 U.S.C. § 1331) nor diversity jurisdiction (28 U.S.C. § 1332) appear plausible.[5]  As a result, the Court recommends dismissing without prejudice the claims that Maddox purports to bring under § 1983.

### B.   Claims Under 28 U.S.C. § 2680

The Court now turns to Maddox's claims under 28 U.S.C. § 2680.  Again, this statute cannot help Maddox accomplish what she wants here.  On its face, the Complaint seeks to bring four claims against Defendants under § 2680: abuse of process, deceit, "interven[ing] with transmission of letters or postal matter," and misrepresentation.  (*See* Compl. at 14–21.)

The attempt to rely on § 2680 here is deeply mistaken.  Section 2680 lists various sorts of claims to which "the provisions of this chapter" (meaning 28 U.S.C. §§ 2671–80) and 28 U.S.C. § 1346(b) "shall not apply."  The "chapter" reference concerns the Federal Tort Claims Act ("FTCA").  In particular, § 2674 provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."  As for § 1346(b)(1), this statutory provision gives U.S. district courts "exclusive jurisdiction" over (in relevant part) "civil actions on claims against the United States, for money

---

[5] If this Court had subject matter jurisdiction over some part of this case, then this Court could potentially exercise jurisdiction over Maddox's state law claims under so-called pendant jurisdiction.  *See, e.g.*, 28 U.S.C. § 1367(a), (c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50 (1988) (discussing doctrine).  But as the remaining discussion shows, there is no basis for federal subject matter jurisdiction in this action.

7

damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." Section 2680's thrust, then, is to designate certain claims as *not* being subject to the FTCA. It does not provide a ground for bringing claims.

Even more fundamentally, the FTCA is beside the point here. The FTCA and § 1346(b) apply to suits where the United States is a defendant. That simply is not the case here. Maddox's claims here involve no federal government employees. She sues two entities affiliated with Hennepin County and three individuals that those entities employ. (*See* Compl. at 1–2.) Nothing in the Complaint connects Defendants to the federal government, nor is the Court aware of any such connection. The FTCA thus has no relevance.

What remains is the question whether this Court has jurisdiction over Maddox's claims if one puts aside that provision and thinks about the claims more expansively. But still the Court lacks jurisdiction. Three of Maddox's four claims brought pursuant to § 2680—abuse of process, misrepresentation, and deceit—are fundamentally state law claims, so they cannot provide a federal jurisdictional hook. The fourth claim is for alleged interference with letters or postal matter. The Court is unaware of—and Maddox does not point to—any private right of action by which individuals can bring suit against others for interfering with letters or postal materials. With no obvious federal law at issue, this Court cannot conclude that federal question jurisdiction exists for Maddox's postal interference claim. The Court therefore concludes that all of Maddox's purported

claims under 28 U.S.C. § 2680 should be dismissed without prejudice for lack of jurisdiction.

### C. Invitation to Appellate Review of State Court Order

After putting aside the Complaint's stated causes of action, what remains is Maddox's general request that this Court review decisions of the Minnesota District Court. (As best as the Court can tell, Maddox nowhere challenges the decisions of the Minnesota Court of Appeals or the Minnesota Supreme Court.) As the Court noted above, Maddox seems to want this Court to order a "new trial" to reevaluate notice-related determinations made in the State Court Order.

In the Court's view, its jurisdiction is circumscribed by what is known as the *Rooker-Feldman* doctrine. "The basic theory of the *Rooker-Feldman* doctrine is that only the United States Supreme Court has been given jurisdiction to review a state-court decision, so federal district courts generally lack subject-matter jurisdiction over attempted appeals from a state-court judgment." *Robins v. Ritchie*, 631 F.3d 919, 925 (8th Cir. 2011) (internal quotation marks and citation omitted)). The doctrine specifically applies to "'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005)).

To be sure, exactly what Maddox wants this Court to do with respect to the earlier state proceedings is unclear. She speaks at various points of a "new trial," and she plainly invites this Court to review decisions made by the trial court in the State Court

9

Order. But no matter what Maddox envisions in this vein, her request appears to invite precisely the sort of activity that *Rooker-Feldman* bars. To whatever extent the Complaint seeks review of the State Court Order, that request should be denied without prejudice.

The Court concludes that jurisdiction is lacking over all portions of the Complaint, so it therefore recommends dismissing this action without prejudice. Because the Court recommends the action's dismissal, the Court further recommends denying Maddox's IFP application as moot.

### III.   RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE.**

2. Plaintiff Angela Maddox's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] be **DENIED** as moot.

Dated: February 9, 2021               *s/ Hildy Bowbeer*_____
                                      Hildy Bowbeer
                                      United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being

served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).