# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ANGELA MADDOX, | |
| Plaintiff, | Civil No. 20-2377 (JRT/HB) |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |
| DR. RICHARD ZERA, JENNIFER HAUFF, JULIET TATSUMI, HCMC HOSPITAL, HENNEPIN FACULTY ASSOCIATES (HFA), | |
| Defendants. | |

Angela Maddox, 666 Sims Avenue, Apartment Number 2, Saint Paul, MN 55106, *pro se.*

Magistrate Judge Hildy Bowbeer issued a Report and Recommendation ("R&R") recommending that Plaintiff Angela Maddox's Complaint be dismissed without prejudice for lack of jurisdiction and that Maddox's application to proceed in forma pauperis ("IFP") be denied as moot. Maddox objects to this recommendation. Because the Court finds that it lacks jurisdiction over the claims in Maddox's Complaint, it will overrule Maddox's objections, adopt the R&R, and dismiss the Complaint without prejudice.

# BACKGROUND

I.    **FACTS**

In 2016, Defendant Dr. Richard Zera performed a procedure on Maddox's left breast. (Compl. ¶ 19, Nov. 23, 2020, Docket No. 1.) Maddox consented to an incision and drainage, but when she awoke, Maddox discovered that Dr. Zera had performed a more significant procedure, including a biopsy and removal of the milk duct, a portion of the nipple, and areola. (*Id.* ¶¶ 19–21.) Maddox then filed an action in state court, which is detailed in the R&R. (*See* Report & Recommendation ("R&R") at 1–4, Feb. 9, 2021, Docket No. 3.) In brief, Maddox entrusted service of her state complaint to the Hennepin County Sheriff, and service was accepted on behalf of all Defendants by Hennepin Healthcare employee Jennifer Hauff. *Maddox v. Zera & HCMC*, No. 27-CV-18-13356, at 4 (Minn. Dist. Ct. Apr. 24, 2020).[1] The state district court concluded that neither HCMC nor Zera were properly served and granted them summary judgment after dismissing Maddox's claims against all other defendants. *Id.* at 6–9.

On appeal, Maddox's claims were again dismissed because of various procedural deficiencies, including failure to properly serve notice of the appeal on respondents. *Maddox v. Zera, et al.*, Case No. A20-1020, at 4 (Minn. Ct. App. Aug. 10, 2020.) Maddox

---

[1] Although the state court proceedings were not appended to Maddox's pleadings, the Court takes judicial notice of the publicly filed state court opinions for the purposes of understanding Maddox's federal Complaint. *See, e.g.*, *Bellanger v. Bosch*, No. 19-2770, 2020 WL 7632147, at *1 n.2 (D. Minn. Nov. 24, 2020).

sought review by the Minnesota Supreme Court, and her petition was denied. *Maddox v. Zera, et al.*, Case No. A20-1020, at 1 (Minn. Oct. 20, 2020).

Maddox then filed a complaint in federal court against five defendants—Zera, HCMC employees Jennifer Hauff and Juliet Tatsumi, HCMC Hospital, and Hennepin Faculty Associates—alleging six causes of action under 42 U.S.C. § 1983: assault, battery, failure to obtain informed consent, breach of contract, intentional infliction of emotional distress, and intent to cause bodily harm; and four causes of action under 28 U.S.C. § 2680: abuse of process, misrepresentation, deceit, and "interven[ing] with transmission of letters or postal matter." (Compl. ¶¶ 19–65.) Maddox also requests that the Court review the state trial and appellate court determinations. (*Id.* ¶¶ 8–10.)

## II. PROCEDURAL HISTORY

Magistrate Judge Hildy Bowbeer issued an R&R recommending that the Court dismiss Maddox's Complaint without prejudice and deny her IFP application as moot. (R&R, Feb. 9, 2021, Docket No. 3.) Maddox filed objections to the R&R. (Obj. to R&R, Feb. 24, 2021, Docket No. 10.)

## DISCUSSION

## I. STANDARD OF REVIEW

After a Magistrate Judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn.

L.R. 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. L.R. 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). "A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).

## II. ANALYSIS

### A. Federal Jurisdiction

Federal courts are courts of limited jurisdiction and district courts "may not exercise jurisdiction absent a statutory basis." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quotation omitted). Congress has broadly identified two categories of cases for which federal jurisdiction is appropriate: cases that arise under federal law ("federal question jurisdiction"), pursuant to 28 U.S.C. § 1331; and cases in

which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties ("diversity jurisdiction"), pursuant to 28 U.S.C. § 1332(a).[2]

The United States Supreme Court has exclusive authority to conduct a review of state court decisions. *Dist. of Colombia Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (citing 28 U.S.C. § 1257). Lower federal courts do not have subject matter jurisdiction over cases brought by plaintiffs who lost in state court and are "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Parker Law Firm v. Travelers Indemnity Co.*, 985 F.3d 579, 583 (8th Cir. 2021) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). This jurisdictional limitation, known as the *Rooker-Feldman* doctrine, prevents a party from relitigating in federal district court issues already adjudicated in state court by "recasting his or her lawsuit as a [section] 1983 action." *Robins v. Ritchie*, 631 F.3d 919, 925 (8th Cir. 2011).

B. **Objections to the R&R**

1. **Objections Related to State Court Proceedings**

Maddox's first three objections ask the Court to review whether the state court erred in dismissing her case. First, Maddox challenges the state district court's dismissal

---

[2] While Congress has carved out select other areas of federal jurisdiction, none are relevant here.

of her case under Minnesota Rule of Civil Procedure 4.03 for insufficient service of process. Maddox alleges that the court improperly relied on Hauff's affidavit in determining that service was improper. Second, Maddox argues that the state district court erred in finding that Hauff could not accept service on behalf of HCMC as a "managing agent." Third, as the Court understands it, Maddox argues that the state district court erred in determining that an expert witness was needed to clarify the scope of consent and to establish a prima facie case of battery. Maddox's fifth objection also appears to argue that she is entitled to default judgment under Federal Rule of Civil Procedure 55 because Defendants failed to reply within 20 days to her state court complaint filed on August 30, 2018.

Each of these objections ask the Court to make a determination related to the state court proceedings and therefore request that the Court take action that is barred under *Rooker-Feldman*. Because these objections are not actionable and do not specifically address the conclusions or recommendations raised in the R&R, the Court will overrule these objections.

### 2. 42 U.S.C. § 1983 Claims

Maddox brings several claims under 42 U.S.C. § 1983, which provides a civil cause of action for a person who has suffered a deprivation of the "rights, privileges, or immunities secured by the Constitution and laws" at the hands of someone acting under the color of state or local law. Magistrate Judge Bowbeer concluded that Maddox's

§ 1983 claims—assault, battery, failure to obtain informed consent, breach of contract, intentional infliction of emotional distress, and intent to cause bodily harm—cannot survive because these claims fall exclusively under state law and § 1983 applies only to federal law claims. Maddox objects that the claims can survive because Defendants were acting under the color of state law by virtue of contracts and funding arrangements between HCMC and the federal government.

However, irrespective of whether Defendants acted under the color of state law,[3] Maddox's § 1983 claims cannot survive because they include no federal or constitutional causes of action and arise only under state law. Assault, battery, breach of contract, intent to cause emotional distress and corollary claims of failure to obtain consent and intent to cause bodily harm are all quintessential state law claims. State law violations on their own may not create claims under § 1983. *Collins v. Bellinghausen*, 153 F.3d 591, 596

---

[3] A private actor acts under the color of state law when their action was "fairly attributable to the State." *Nichols v. Metropolitan Center for Ind. Living, Inc.*, 50 F.3d 514, 517 (8th Cir. 1995). Conduct may be fairly attributable to the State only when a private entity "willfully participates in joint activity with the State or its agents." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). To act under the color of state law for the purposes of § 1983 liability, there must be at minimum "a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). An action by a private party is not necessarily state action merely because it is chartered by the state, strictly regulated by the state, or because the entity performs functions that serve public convenience or necessity. *Armstrong v. Fairmont Comm. Hosp. Ass'n*, 684 F. Supp. 1486, 1489–90 (D. Minn. 1987). Maddox's allegation that HCMC and Zera were acting under state law because the institution receives federal funding is not sufficient to establish that either party was acting under the color of state law under § 1983.

(8th Cir. 1998). As such, § 1983 does not provide this Court with jurisdiction to address the claims that Maddox alleges. Accordingly, the Court will overrule Maddox's objection and adopt the R&R as it relates to the § 1983 claims.

### 3. 28 U.S.C. § 2680 Claims

Although Maddox does not explicitly object to the Magistrate Judge's recommendation as to her § 2680 claims, Maddox's first two objections relate to the allegations raised in support of her § 2680 claims in the Complaint, and thus the Court will address these claims briefly. Maddox brings four claims under this statute—abuse of process, misrepresentation, deceit, and alleged interference with letters or postal matter. Section 2860 is part of the Federal Torts Claim Act ("FTCA"); this section lists causes of action, including the specific claims Maddox raises, that **cannot** be brought under the FTCA. This statute does not provide any relief for the types of injuries Maddox alleges here. The Court, accordingly, cannot exercise jurisdiction over Maddox's § 2680 claims and will adopt the R&R and dismiss these claims.

### 4. Supplemental Jurisdiction Under 28 U.S.C. § 1367

Maddox also asserts that the Court may exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367. However, § 1367 allows this Court to exercise jurisdiction over state law claims only if those claims are intertwined with federal law claims over which the Court has original jurisdiction. *Myers v. Richland Cnty.,* 429 F.3d 740, 746 (8th

Cir. 2005). Because the Court does not have jurisdiction over any of Maddox's claims, the Court cannot assert supplemental jurisdiction under § 1367.

**CONCLUSION**

Pursuant to Rule of Civil Procedure 12(h)(3), the Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Maddox's claims do not assert a federal question establishing jurisdiction under 28 U.S.C. § 1331, the parties do not meet the diversity requirements for jurisdiction under 28 U.S.C. §§ 1332, and there is no other viable ground for the Court to assert jurisdiction over this matter. The Court must therefore overrule Maddox's objections, adopt the R&R, and dismiss Maddox's Complaint without prejudice. When a complaint is dismissed "without prejudice," it means that the complaint can be refiled, but in order for this matter to proceed in federal court, a proper jurisdictional basis must be alleged.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Maddox's Objection to the Report & Recommendation [Docket No. 5] is **OVERRULED;**

2. The Magistrate Judge's Report & Recommendation [Docket No. 3] is **ADOPTED;**

3. Maddox's Complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE;**

4. Maddox's Application to Proceed in District Court Without Prepaying Fees or Costs [Docket No. 2] is **DENIED AS MOOT.**

DATED: May 3, 2021May 3, 2021 May 3, 2021 _____*John R. Tunheim*_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                                    Chief Judge
                                                       United States District Court