UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANGELA MADDOX,

                Plaintiff,

v.

DR. RICHARD ZERA, JENNIFER HAUFF, JULIET TATSUMI, HCMC HOSPITAL, HENNEPIN FACULTY ASSOCIATES (HFA), *jointly and severally*,

                Defendants.

Civil No. 20-2377 (JRT/HB)

**MEMORANDUM OPINION AND ORDER DENYING RULE 59 AND RULE 60(b) MOTIONS**

Angela Maddox, 666 Sims Avenue, Apartment Number 2, Saint Paul, MN 55106, *pro se.*

Plaintiff Angela Maddox filed a complaint in federal court alleging six causes of action under 42 U.S.C. § 1983 and four causes of action purportedly arising under 28 U.S.C. § 2680 against the Hennepin County Medical Center ("HCMC"), Hennepin Faculty Associates, and various HCMC employees. Maddox alleged that she was subject to a medical procedure without consent and that the state court where she had originally filed her claims had erred in dismissing her case. Maddox asked the Court to provide relief from the state court determinations and sought additional federal remedies against Defendants. The Court dismissed Maddox's Complaint without prejudice for lack of

jurisdiction, and Maddox has filed Motions requesting a new trial under Federal Rule of Civil Procedure 59 and for relief under Rule 60(b).  The Court will deny Maddox's Motions because Maddox has not identified any errors of law or fact or presented newly discovered evidence to support relief under Rule 59(e), and because Maddox has not established exceptional circumstances to sustain a Rule 60(b) Motion.

## BACKGROUND

### I. FACTS

The Court has previously addressed the factual background of this matter.  *See Maddox v. Zera*, No. 20-2377, 2021 WL 1732258, at *1 (D. Minn. May 3, 2021).  In short, this case arises from a medical procedure that Defendant Dr. Richard Zera performed on Maddox's left breast in 2016 at HCMC.  (Compl. ¶ 19, Nov. 23, 2020, Docket No. 1.) Maddox consented to an incision and drainage but allegedly awoke to find that Zera had performed a more invasive procedure which included biopsy and removal of breast tissue. (*Id.* ¶¶ 19–21.)

### II. PROCEDURAL HISTORY

Maddox filed an action in Minnesota state court, and, on April 24, 2020, the state trial court granted summary judgment for defendants, concluding that neither HCMC nor Zera had been properly served.  *Maddox*, 2021 WL 1732258, at *1.  On review, the

- 2 -

Minnesota Court of Appeals dismissed Maddox's claims due to various procedural issues, and the Minnesota Supreme Court denied her petition for further review. *Id*.

Maddox then filed a complaint in federal court on November 23, 2020, alleging causes of action under 42 U.S.C. § 1983 and 28 U.S.C. § 2680 and asking the Court to review the state trial and appellate court decisions. (Compl. ¶¶ 8–10, 19–65.) On May 3, 2021, the Court adopted Magistrate Judge Hildy Bowbeer's recommendation to dismiss Maddox's claim without prejudice for lack of subject matter jurisdiction, finding that the *Rooker-Feldman* doctrine barred review of the state court decisions and that Maddox had failed to allege any claims that would give rise to federal court jurisdiction. *Maddox*, 2021 WL 1732258, at *2–4.

Maddox subsequently filed a Motion for Relief from Judgment and New Trial pursuant to Rules 59 and 60, alleging that Zera and Hauff lied in their affidavits and that their attorney and others committed fraud by filing these affidavits with the court. (*See* Mot. Reconsider at 7–11, May 17, 2021, Docket No. 15.) A few days later, Maddox filed a second Rule 60 Motion, in which she argues that the medical procedure and the allegedly fraudulent affidavits constituted exceptional circumstances that prevented her from fully litigating her claims in state court. (*See* Mot. Reopen at 2–3, May 21, 2021, Docket No. 16).

**DISCUSSION**

**I.      RULE 59 MOTION**

Maddox brings her first Motion under Rule 59, styled as a "motion for reconsideration under Rule 59 for a new trial." (*See* Mot. Reconsider at 1.) Yet, the Court dismissed Maddox's complaint without prejudice for lack of jurisdiction—the matter did not go to trial—so a Rule 59 motion for a new trial is therefore inappropriate. *See* Fed. R. Civ. P. 59 (a).

Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence . . . [and] cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Met. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quotations omitted).

Maddox's allegations that Defendants submitted fraudulent affidavits in the state proceedings are not claims that support an amended judgment under Rule 59. As an initial matter, the affidavits in question were never submitted in federal court and were therefore not the basis of any errors of law or fact in this Court. Further, Maddox alleged that Defendants submitted fraudulent affidavits in her complaint, so these arguments were raised prior to the entry of judgment and are therefore insufficient for asserting a Rule 59(e) motion. *Met. St. Louis*, 440 F.3d at 933. As such, the Court will deny Maddox's Motion pursuant to Rule 59.

## II.  RULE 60(b) RELIEF FROM A JUDGMENT OR ORDER

Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quotation omitted). The Court may grant relief from a final order or judgment under Rule 60(b) based on particular circumstances, including mistake, newly discovered evidence, or fraud. Fed. R. Civ. P. 60(b). A Rule 60(b) motion "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). Although Maddox specifically cites to subsections 60(b)(4) and (6), the Court will construe her Motion liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and address various possible grounds for relief under Rule 60 based on Maddox's allegations.

### 1. Rule 60(b)(2) Newly Discovered Evidence

Maddox points to the affidavits of Zera and Hauff as new evidence that establishes fraud. However, evidence that is "clearly available" to a party before she files a lawsuit or motion for summary judgment cannot be characterized as new. *Kansas City Area Transp. Auth. v. State of Missouri*, 640 F.2d 173, 175 (8th Cir. 1981). Here, the affidavits of Zera and Hauff were available to Maddox prior to the state court's April 24, 2020 order, long before she filed her federal lawsuit and, as noted above, were cited in her complaint. Therefore, the evidence that Maddox points to is not "new" for the purposes of Rule 60(b)(2), and relief is not warranted under this subsection.

...

### 2. Rule 60(b)(3) Fraud

To prevail on a Rule 60(b)(3) motion, the movant must demonstrate through "clear and convincing evidence" that the opposing party "engaged in fraud or other misconduct and that this conduct prevented [the movant] from fully and fairly presenting [her] case." *In re Levaquin Prods. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014). If the moving party had a fair opportunity to discover the evidence "simply by going through [her] own files," she has not met her burden under Rule 60(b)(3), and the motion should be denied. *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373 (8th Cir. 1994); *see also Osborne v. Grussing*, No. 05-224, 2007 WL 9736031, at *3–4 (D. Minn. Oct. 5, 2007) (finding that plaintiff who had access to evidence of alleged fraud prior to the entry of summary judgment could not prevail on a 60(b)(3) motion).

Maddox had access to Hauff and Zera's allegedly fraudulent affidavits for over a year before the Court dismissed her case and they were available to her when she filed her federal complaint. Although Maddox alleges that the purported fraud compromised her ability to present her state court case, there can be no similar allegation with regard to her federal case because the affidavits were available, addressed in the complaint, and not relevant to the Court's jurisdictional analysis in dismissing the action.

### 3. Rule 60(b)(4) Judgment is Void

Rule 60(b)(4) applies only to final judgments in rare instances where a judgment is either (1) premised on a certain jurisdictional error, or (2) premised on a violation of due

process that deprives a party of either notice or the opportunity to be heard. *Favors v. Hoover*, No. 13-428, 2015 WL 6445141, at *3 (D. Minn. Oct. 21, 2015) (quoting *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 269–71 (2010)). The Court dismissed Maddox's claims because it lacked jurisdiction to hear them, and although Maddox makes conclusory statements suggesting that the Court should have jurisdiction over this action, she identifies no specific jurisdictional error. The Court dismissed Maddox's complaint without prejudice, so to the extent that Maddox wishes to be heard in federal court, she may do so by filing another complaint that is properly within the Court's jurisdiction. However, barring a particular jurisdictional error or plausible due process violation, Rule 60(b)(4) is not the proper vehicle to sustain Maddox's claims.

### 4. Rule 60(b)(6) Catchall

Relief under Rule 60(b)(6) is available only if "exceptional circumstances prevent relief through the usual channels." *Brooks v. Ferguson-Florissant Sch. Dist.*, 113 F.3d 903, 905 (8th Cir. 1997) (quotation omitted). A party failing to follow proper procedure does not meet the threshold for exceptional circumstances. *See id*. at 905 (finding that pro se plaintiff whose case was dismissed due to untimely filing was not entitled to Rule 60(b)(6) relief). Additionally, Rule 60(b)(6) motions are "not for the purpose of rearguing, somewhat more fully, the merits of [a] claim." *Terra Int'l, Inc. v. Robinson*, 113 Fed. Appx. 723, 725 (8th Cir. 2004) (quotation omitted). Alluding generally to "new evidence" and reiterating one's initial claims does not sufficiently establish the kind of exceptional

circumstances necessary to justify reconsideration under Rule 60(b)(6).  *Kolosky v. City of Brooklyn Park*, No. 07-1898, 2008 WL 919548, at *1 (D. Minn. Apr. 2, 2008).

Maddox has merely reiterated the arguments she made in her complaint and made conclusory allegations of new evidence of fraud, which appears to be the same fraud alleged in the initial complaint.  Because Maddox's failure to follow proper procedure does not reach the level of exceptional circumstances, Maddox is not entitled to relief under Rule 60(b)(6).

In sum, Maddox has not established that she is entitled to relief under any provision of Rule 60(b) and the Court will therefore deny her Rule 60 Motion.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Rule 59 & Rule 60(b) Motion [Docket No. 15] is **DENIED**;

2. Plaintiff's Rule 60(b) Motion [Docket No. 16] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 20, 2021  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court