RECEIVED

SEP 21 2021

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

Angela Maddox,                                    Case No. 20-CV-2377 (JRT/HB)

                    Plaintiff,

**PETITION FOR INTERVENTION BY
UNITED STATES FOR A CONSTITUTIONAL
QUESTION UNDER RULE 28 U.S.C. 2403
AND FOR RELIEF UNDER RULE 60 AND
RULE 8 FOR A STAY OR INJUNCTION
PENDING APPEAL**

v.

Dr. Richard Zera, Jennifer Hauff,

Hennepin County Attorney Jennifer

Hansen, HCMC Hospital, Hennepin

Faculty Associate (HFA)

                    Defendants,

**PETITION FOR INTERVENTION BY UNITED STATES FOR A CONSTITUTIONAL**

**QUESTION UNDER RULE 28 U.S.C. 2403 AND FOR RELIEF UNDER RULE 60 AND**

**FOR A STAY OR INJUNCTION PENDING APPEAL UNDER RULE 8(a)**

Plaintiff brings a petition under Federal Rule of Civil Procedure 59 and Federal Rules of

Civil Procedure Rule 28 U.S.C. 2403 – Intervention by United States or a State for constitutional

question. Relief for damages under Federal Rules of Civil Procedure Rule 65 and 60.02, 28

U.S.C 1651, 28 U.S.C 1738, 28 U.S.C. 1331, and Rule 73(a) and Rule (15).

1.

SCANNED

SEP 22 2021

U.S. DISTRICT COURT ST. PAUL

This motion seeks relief under Fed. R. App. P. 8(a)(1) stay a judgment during the pendency of an appeal must file a motion for stay pending appeal. Fed. R. App. P. 8; Loc. R. 8. See also Loc. R. 18 (stay pending consideration of petition for review); Loc. R. 21(b) (temporary relief pending consideration of mandamus petition).

### Under Rule 28 U.S.C. 2403 – Intervention by United States or a State for constitutional question:

In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

Plaintiff argues whether State Court and Federal Court error in addressing her constitutional question regarding judicial officer Katherine Hansen, (HCMC employees') Jennifer Hauff and Dr. Richard Zera acts in colluding to committed fraud upon the court under 42 U.S.C 1985 by (1). Preventing Officer from Performing duties, (2) Obstructing Justice; Intimidating Party, Witness, or Juror and (3) Depriving of Rights of Privileges, 42 U.S.C. 1985 and 42 U.S.C. 1988 by turning in fraudulent evidence to win their case?

Conversely, false statements by a lawyer can unfairly undermine public confidence in the administration of justice. Plaintiff's allegations that fraud was committed when Ms. Hansen

2.

advised her clients to lie on their affidavit which in turn negatively impacted the outcome of the Plaintiff's case. For the most part, Plaintiff's is arguing her factual allegations do not refer to fraud committed on the court, but to fraud she alleges was committed by the court through its judicial officers. These allegations directly challenge the findings, conclusions, orders, and decisions made throughout the course of the state and federal court proceedings. Plaintiff argument is she will not have a fair trial when the scheme is coming from the Hennepin County Attorney Office and HCMC Hospital at the highest levels. Plaintiff is requesting that the federal court of appeal intervene to ensure the service process by the Marshall will not be obstructed by each defendant. Plaintiff pray the Appeals Court understand her beliefs and position on the ideal that the State Solicitors Office is committing fraud upon the court, and no Court seems to care about the legal ratification this could have on our judicial system.

Plaintiff is appealing to the Federal Appeals Court based on the Judgement in a civil matter in Ms. Maddox's lawsuit against Defendants Katherine Hansen, Jennifer Hauff, Dr. Richard Zera, et al for committing fraud upon the court to win their State Court case. Ms. Maddox was not declared the losing party in her original court case. Ms. Maddox had a trial date schedule, however, due to the pandemic, her trial was canceled because of a national shutdown.

The fact that Ms. Maddox was never given the opportunity to dispute the defendant fraudulent evidence, the appropriate question is – Is fraud upon the court acceptable from Hennepin County Attorney Office to protect their employees'? Is it constitutional for the Courts to uphold fraud upon the court, simply because the plaintiff is an unrepresented black female who deemed as a minority? Another federal question – why Ms. Maddox's case was dismissed

3.

when the defendant failed to file an Answer with the Court until the Court ordered an Order

forcing the defendants to provide an answer? Is this collision between Hennepin County Court

and Hennepin County Attorney Office at the highest level? At what point, in the 21st century,

default of judgement doesn't apply to the State Solicitor's Office? This is a fundamental concern

for the entire judicial system that the Solicitor's Office is allowed to commit fraud upon the

court.

Clearly the facts are not important here, I am appealing Judge John Tunheim judgement

due to the fact he never read, objected, or answer any of my federal questions for jurisdiction and

federal question regarding a constitutional question. The facts have changed in this lawsuit, so

have the defendants. Judge John Tunheim dismissed Ms. Maddox case without reading the facts.

Judge John Tunheim stated I never turned in the affidavit as evidence, that makes me

wonder if he checked to see what evidenced I turned in. The fact the Judge John Tunheim has

access to two affidavits from two different defendants, did he do his due diligence on the

evidence Ms. Maddox provided to the Court Clerk? The fact that Judge John Tunheim is not

aware of the evidence and facts surrounding this case, how can he make a fair and accurate

assignment to dismiss this lawsuit without reviewing the evidence?

### Jurisdiction and Legal Standard

Congress provided subject matter jurisdiction by Article III, Section 2. The judicial

power shall extend to all cases, in Law and Equity, arising under this Constitution, the Laws of

the United States, and Treaties made, or which shall be made under their Authority. *(placing*

*burden on plaintiff but noting that the parties had not raised the burden of proof issue in the*

4.

*district court)*. However, as a general principle, * [a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.'" *Homer v. Jones-Bey*, 415 F.3d 748, 752 (7th Cir. 2005) (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)) Therefore, in the context of Rule 60(b) (4) , regardless whether the plaintiff bears the burden of proof of demonstrating sufficient service of process to establish personal jurisdiction over a defendant, once the plaintiff has s\submitted a signed return of service, the burden of going forward shifts to the defendant to present evidence to rebut the prima facie showing and demonstrate that he did not receive valid service of process."

In February 2020, this argument was brought forth in oral argument in February 2020, and only then, did the defendants, find out their last option to win, which was to produce a document with permission from Dr. Zera stating he never gave his employer (HCMC) to accept documents on his behalf. The facts will show no documents or affidavits was produced in the opening of discovery, only when the court gave Attorney Hansen her last option to win. Ms. Hansen mocked the court by providing fraudulent documents against the courts numerous requests for "no surprises".

### Federal Questions for Jurisdiction

1.  Whether the federal court has jurisdiction when fraud has been committed upon the court by a judicial officer of the state court?

2.  Whether the federal court has jurisdiction if all defendant colluded with each other to conspire to commit perjury in the final stages of the judicial proceeding in state court?

5.

3. Whether there is much more reason for liberality in reopening a judgment when the merits of the never have been considered in full at trial on the merits?

4. Whether subject matter jurisdiction arises when all defendants colluded to committed fraud under 42 U.S.C 1985 by preventing officer from performing duties?

5. Whether subject matter jurisdiction arises when the original complaint was filed in state court against state actors violating torts laws and federal statues under 42 U.S.C 1983 for Conspiracy, while working under the color of law as a state actor?

6. Whether the federal jurisdiction arise when federal tort claims are asserted in state court, and there is no consideration for the relief against a doctor and the institution for violating a patient's constitutional rights and a patient's civil rights?

7. Whether federal jurisdiction applies when corporations (Hennepin County Attorney Office) and (HCMC) employees conspired against the state court to prevent the plaintiff's claim for relief in the amount of six million dollars when damages are due to the Plaintiff?

8. Whether federal jurisdiction arise at the time of action was filed in state court, Defendant Ellen Liang could not be served because she had moved out of state. The fact she was the only person in the room with Dr. Zera and the Plaintiff, her testimony is crucial to both parties' defense. Does diversity jurisdiction apply to Ellen Liang? And should the plaintiff have the right under federal law to question all witness that touch her body/property on December 16, 2016?

6.

9.  Whether federal jurisdiction apply when the plaintiff alleges violations under 42 U.S.C

    1983 Due of Process under the Fourteenth Amendment at the time the action was filed in

    state court?

Rule 60 (d)(1) relief is only available if relief is required to prevent a grave miscarriage

of justice." *Id. United States v. Ford*, 639 F.3d 718, 720 (6th Cir. 2011)("Jurisdiction may exist

when false statements were made to state or local government agencies receiving federal support

or subject to federal regulation"); *United States v. Starnes*, 583 F.3d 196, 208 (3d Cir.

2009)("Indeed, it is enough that the statement or representation pertain to a matter in which the

executive branch has the power to exercise authority.... HUD, an agency within the executive

branch, provided the funding for the Donoe project to VIHA and had the power to exercise

authority over the project, had it chosen to do so"); *United States v. Taylor*, 582 F.3d 558,

563(5th Cir. 2009)("The term 'jurisdiction' merely incorporates Congress'[s] intent that the

statute apply whenever false statements would result in the perversion of the authorized

functions of a federal department or agency"); *United States v. White*, 270 F.3d 356, 363 (6th

Cir. 2001)("We have in the past looked to whether the entity to which the statements were made

received federal support and/or was subject to federal regulation.

Because of the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give a state

court judgment the same preclusive effect that the court rendering the judgment would give it.

*Haber v. Biomet, Inc.,* 578 F.3d 553, 556 (7th Cir. 2009); *Licari v. City of Chicago*, 298 F.3d

664, 666 (7th Cir. 2002).

7.

**A. Rooker – Feldman Doctrine does not apply to Plaintiff case. Plaintiff Object to the Rooker - Feldman Doctrine in whole, however, Plaintiff injuries are caused by defendants and their attorney, not by the State Court.**

The Fourth Circuit panel listed all the reasons why *Rooker-Feldman* doesn't apply, principally that the state court favor was in most light of the Plaintiff so she couldn't be reviewing as a "state-court loser." Moreover, the federal complaint does not seek redress for an injury caused by the state-court decision itself, but rather for injuries caused by defendants' allegedly fraudulent conduct in prosecuting the actions against her in state court. "If the suit does not seek to vacate the judgment of the state court and instead seeks damages for independently unlawful conduct, it is not barred by *Rooker-Feldman*." Id. (citing *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014)); *Saudi Basic Indus.,* 544 U.S. at 293, 125 S. Ct. 1517 (citing *GASH*, 995 F.2d at 728) ("If a federal (citing *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 773 (7th Cir. 2014)); *Saudi Basic Indus.*, 544 U.S. at 293, 125 S. Ct. 1517 (citing *GASH,* 995 F.2d at 728) ("If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached," then *Rooker-Feldman* does not bar the court's jurisdiction.).

Plaintiffs' federal claims allege different injuries and different violations that are separate from her state court judgment. Specifically, what plaintiff allege and what plaintiffs have in evidence that may create an inference to support plaintiffs' cause that a judgment was rendered in State Court, but that process was tainted by the defendants depriving plaintiff of the

8.

opportunity for due process and a fair hearing. The evidence in this case will show Ms. Hansen
and her co-conspirators rigged the state court judicial system at the highest level. Plaintiffs
contend the doctrine does not apply to Plaintiff's independent constitutional claim, because
Jennifer Hauff was not a party to the state proceedings.

There is one exception to the Rooker-Feldman doctrine. A federal court may exercise
jurisdiction "where the plaintiff's claim is merely 'a general challenge to the constitutionality of
the state law applied in the state action,' rather than a challenge to the law's application in a
particular state case." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (citation omitted)." That
is precisely what *Rooker-Feldman* prohibits, regardless of the reason for the request. *See Iqbal
v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015) ("The *Rooker-Feldman* doctrine is concerned not
with *why* a state court's judgment might be mistaken (fraud is one such reason; there are many
others) but with *which federal court* is authorized to intervene."). If the Court here "were to delve
into the question whether fraud tainted the state court's judgment, the only relief [it] could give
would be to vacate that judgment." Plaintiff's fraud claims put the propriety of the state court
judgment directly at issue. Accordingly, Plaintiff's allegations that fraud committed during the
medical battery claim, which negatively impacted the outcome of the case.

**B. Plaintiff is asserting that misrepresentations and fraud occurred during the state
court proceedings, which amounted to a fraud upon the court.**

Hennepin County Attorney Katherine Hansen acting as officer of the court perpetrated a
continuous and pervasive pattern of interfering with the Plaintiff ability to obtain her right to
justice in the courts, since they circumvented her from receiving due process provided under the

9.

laws of the land. Attorney Hansen, Jennifer Hauff, and Dr. Richard Zera were all acting with a copious number of outrageously acts of foul play through blatant professional misconduct. Defendants and their attorney were acting in the range to be fully aware of the fussier to the equation of how their conduct affected Plaintiff's legal position. This is where Attorney Hansen should have known her professional conduct was deficient of what was required to achieve a favorable result or how their detrimental actions caused the desecration of Plaintiff Maddox achieving her legal opportunity where she could have prevailed.

The defendants acted in concert with corrupt intent by engaging in a scheme and artifice to defraud the Plaintiff out of obtaining her right to relief. The fact Attorney Hansen was warned numerous times in State Court "not to have surprises" in her court, Ms. Hansen ignored the court warnings with elements of malfeasance and misfeasance conduct dedicate to be averse the Plaintiff legal position. Clearly, the defendants and their attorney perverse their discretionary position of trust when they willfully and wanton committed perjury with intentional professional misconduct to gain an undue advantage. Ms. Hansen most egregious act was the improper influence exerted on the court by influencing her clients to commit perjury and using the judicial system as a mechanical tool to validate her lie. The newly discovered evidence, powerfully and concretely, will demonstrates the link between each defendant's rationale to overtly commit a fraud scheme that was designed to harm Plaintiff Maddox advantage.

Intentionally concealing a material fact, and thereby creating a false impression by such statement; (C) with intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity; (D) with intent to

10.

mislead, knowingly submitting or inviting reliance on a sample, specimen, map, photograph, boundary mark, or other object that is misleading in a material respect; or (E) knowingly using a trick, scheme, or device with intent to mislead," 18 U.S.C. 1515(a)(3). *United States v. Baldridge*, 559 F.3d 1126, 1143 (10th Cir. 2009)("[T]he 'corruptly persuades' element requires the government to prove a defendant's action was done voluntarily and intentionally to bring about false or misleading testimony or to prevent testimony with the hope or expectation of some benefit to the defendant or another person"); *United States v. Hull*, 456 F.3d 133, 142 (3d Cir. 2006)("[T]here was ample evidence from which the jury could conclude that Hull knowingly attempted to corruptly persuade Rusch, with the intent to change her testimony.

## C. Rule 60 (d) (1) – Relief is only available if relief is required to prevent a grave miscarriage of justice.

Mr. Justice Black also said .... "tampering with the administration of justice as indisputably shown here involves far more than injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistent with the good order of society."

Plaintiff argues the state court decision should not be enforced and relief is required to prevent a grave miscarriage of justice. There were no in good conscience of the court ruling, because fraud was Jennifer Hauff's intent to prevent Plaintiff's summons from entering the court as evidence. The blatant disrespect and lies started with Jennifer Hauff violating Plaintiff's federal rights under 42 U.S.C 1985 by preventing officer from performing his duties and

11.

obstructing justice with the summons and complaint. *United States v. Cruzado-Laureano*, 404 F.3d 470, 487 (1st Cir. 2005).

Jennifer Hauff's affidavit will be used as evidence that fraud was committed when Hauff approached Deputy Vlasaty stating she is the authorize agent to accept the summons and complaint. Hauff's affidavit clearly states she approached Deputy Vlasaty once she notices him at the front desk with another HCMC employee. At some point, the Hennepin County Attorney Office recognized with the State Court that a complaint was filed but the summons was never received, so no Answer will be provided. The fact of matter is, I argued Deputy Vlasaty served the summons and complaint on the defendants and that was conveyed to the State Court, who favored in light most considerably for the Plaintiff.

**D. Plaintiffs' Newly Discovered Evidence Establishes that Plaintiffs' Equal Protection and § 1985(3) Claims Should Be Granted on the Merits.**

The new evidence that Plaintiff proffer clearly demonstrates that she is entitled to relief on their Equal Protection and § 1985(3) claims. Plaintiff is arguing Hennepin County Attorney Katherine Hansen, HCMC Human Resource Manager - Jennifer Hauff, and HCMC Chief of Surgeon -Dr. Richard Zera all committed perjury in a judicial proceeding to win their case by providing false affidavits as evidence, after the close of discovery. The new allegations drawn are futile because the medical records will demonstrate a substantial risk that Plaintiffs will suffer from future surgeries where no consent is involved. This have been going on for years, and now is the time for justice to ring for every individual, knowingly or unknowingly, have been subject to invasion of liberty and privacy to procreate without the interference of science.

12.

To prove a Section 1985 conspiracy, a plaintiff "must show an agreement or a 'meeting of the minds' by defendants to violate the [plaintiff's] constitutional rights," *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995), and the plaintiff must "come forward with specific, circumstantial evidence" that reasonably leads to the inference "that each member of the alleged conspiracy shared the same conspiratorial objective," *Penley v. McDowell Cty. Bd. of Educ.*, 876 F.3d 646, 660 (4th Cir. 2017). A plaintiff need not produce direct evidence of a meeting of the minds, *Penley*, 876 F.3d at 658, nor does a plaintiff need to show that there was an express agreement among all the conspirators. *Simmons*, 47 F.3d at 1378. Instead, a plaintiff must only show that the participants in the conspiracy shared "the general conspiratorial objective. It simply must be shown that there was a 'single plan, the essential nature and general scope of which [was] known to each person who is to be held responsible for its consequences.'" *Simmons*, 46 F.3d at 1378 (quoting *Lenard v. Argento*, 699 F.2d 874, 882–83 (7th Cir. 1983)

## Rule 3.4 - Fairness to Opposing Party and Counsel

Hennepin County Attorney Katherine Hansen suggested that I sue Hennepin County Sheriff Department for improper service and miscarriage of justice, due to the fact Deputy Vlasaty did not do his job correctly. Basically, Ms. Hansen was telling the Plaintiff that the Sheriff Department had denied her due process of law by having lack of knowledge of the judicial proceeding.

Supervisor Todd Vlasaty should have the right to testify to the nature of his character, his integrity, and to knowledge of carrying out his day-to-day function as a Deputy. May I add, when this complaint started Deputy Todd Vlasaty was a Deputy, now he is a supervisor. I am

13.

not questioning his work ethics; however, I am questioning- fraud was committed - was his promotion an incentive for purposely leaving out the summon. Again, I never believed that Deputy Vlasaty left out the summons from the complaint. I have signed copies of the original summons and complaint that was delivered to each defendant, and they all received the summons and complaint, beside Ellen Liang, she moved out of state. Plaintiff evidence also rely on defendants' Answer and their motion for summary of judgment dated February 21, 2020, and February 28, 2020.

**Rule 4.1 - Truthfulness in Statements to Others**

Attorney Katherine Hansen never disclosed the defendants' affidavits in the Answer, the discovery process, nor in the summary of judgment. The fact Ms. Hansen found out her last option to win in oral argument, she made and executive decision to provide the court with false documents that can be articulable rebutted with evidence from the defendants' expert witness and other factual evidence from the Plaintiff. *United States v. White Eagle*, 721 F.3d 1108, 1116 (9th Cir. 2013)("[A] conviction under 18 U.S.C. §1001(a)(2) requires that (1) the defendant had a duty to disclose material information, (2) the defendant falsified, concealed, or covered up such a fact by trick, scheme, or fraud, (3) the falsified, concealed, or covered up fact was material, (4) the falsification and/or concealment was knowing and willful, and (5) the material fact was within the jurisdiction of the Executive Branch"); *United States v. Moore*, 446 F.3d 671, 677 (7th Cir. 2006).

14.

**E.  60 (b) (6) Plaintiff is requesting the Federal Court to Alter or Amend Judgment from State Court on the ground of Fraud committed upon the Court, by a judicial officer of the Court.**

Rule 60 (b) (6) provides that [o]n motion and just terms, the court may relieve a party, or its legal representative is a "residual or catch – all provision to cover unforeseen contingencies. However, relief is appropriate "only if extraordinary circumstance is present." Fed. R. Civ. P. 60 (b)(6) – A motion is not subject to the 28 -day time period imposed by Rule 59. *Edward H. Bohlin Co, Inc., v. Banning Co, Inc.,* 6 F. 3d 350, 351 (5th Cir. 1993).

## Conclusion

Plaintiff alleges violations under 42 U.S.C 1983 and violation of Due Process under the Fourteenth Amendment.  Plaintiff alleges that the individual Attorney Katherine Hansen, HCMC, Jennifer Hauff and Dr. Zera defendants, were deliberately indifferent to Maddox's false life-threatening medical needs, which caused the deprivation of Maddox's constitutional rights to life, liberty, and personal security under the Fourteenth Amendment.  Plaintiff claims that "a special custodial relationship arose when the Plaintiff was sedated and [HCMC and Dr. Zera] had full custody over her property (body) and she was unable to seek other aid," and then he removed her milk duct system without her consent. Plaintiff is arguing there is such "special relationship" created an affirmative duty to protect Plaintiff from unnecessary medical procedures that resulted in the removal of her reproductive system.

15.

Plaintiff selected the state court to file the original complaint for 42 U.S.C 1983 for several federal violation that was committed by state actors under the color of law. Plaintiff is seeking to collect her damages in the amount of six million dollars for medical Battery, lack of consent, intent to cause bodily harm, intentionally infliction of emotional distress. Does the resolution of this claim involve the federal court to protect the judicial system from judicial actors robbing the prevailing party from relief for injuries that was caused by the opposing party? Will there be any accountable for no consent again female patients in general when it comes to protecting and securing their civil liberties to control every function of her body without unreasonable invasion?

Angela Maddox

*Angela Maddox*

666 Sims Ave, Apt 2

St. Paul, MN 55106

612-813-9113

901-930-2772

Amaddox711@gmail.com

Date: 9/21/2021

16.

14.