# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

ANGELA MADDOX,

                        Plaintiff,

v.

RICHARD ZERA, JENNIFER HAUFF, JULIET TATSUMI, HCMC HOSPITAL, and HENNEPIN FACULTY ASSOCIATES (HFA), jointly and severally,

                        Defendants.

Civil No. 20-2377 (JRT/HB)

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS AND GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**

---

Angela Maddox, 666 Sims Avenue, Apartment Number 2, Saint Paul, MN 55106, *pro se*.

Plaintiff Angela Maddox filed a complaint in federal court alleging six causes of action under 42 U.S.C. § 1983 and four causes of action purportedly arising under 28 U.S.C. § 2680 against the Hennepin County Medical Center ("HCMC"), Hennepin Faculty Associates, and various HCMC employees.  Maddox alleged that she was subject to a medical procedure without consent and that the state court where she had originally filed her claims had erred in dismissing her case.  Maddox asked the Court to provide relief from the state court determinations and sought additional federal remedies against Defendants.  The Court dismissed Maddox's Complaint without prejudice for lack of jurisdiction, and Maddox subsequently filed motions requesting a new trial under Federal Rule of Civil Procedure 59 and for relief under Rule 60(b).  The Court denied Maddox's

motions because Maddox did not satisfy the requirements of either Rule 59(e) or Rule 60(b).

Maddox has now filed (1) a second Motion for relief under Rule 60(b); (2) an Objection to a Report and Recommendation the Court has already adopted; (3) a Petition seeking intervention by the United States pursuant to 28 U.S.C. § 2403, Rule 60 relief, and a stay pending appeal; (4) an Application to Proceed In Forma Pauperis on Appeal; and (5) a Petition for Permission to Appeal the Minnesota Supreme Court's denial of her petition for further review of her Minnesota state court case. The Court will deny Maddox's 60(b) Motion; Objection to the Report and Recommendation; Petition for intervention, Rule 60 relief, and a stay; and Petition for Permission to Appeal because, throughout these filings, Maddox has not presented an issue that properly invokes a federal district court's jurisdiction such that the Court may consider it and has not demonstrated adequate grounds for overturning the Court's previous decisions. Maddox continues to request relief that the Court is without the power to grant her. The Court will, however, grant Maddox's Motion to Proceed In Forma Pauperis on Appeal.

In short, Maddox appears to misunderstand the distinction between state and federal courts and the role of federal district courts. To be clear, this Court is powerless

to grant the relief she has sought thus far even if she was harmed by Defendants or was

unjustly denied relief by the state courts.[1]

## BACKGROUND

### I.    FACTUAL BACKGROUND

The Court has previously addressed the factual background of this matter. *See*

*Maddox v. Zera* ("*Maddox I*"), No. 20-2377, 2021 WL 1732258, at *1 (D. Minn. May 3,

2021). In short, this case arises from a medical procedure that Defendant Dr. Richard Zera

performed on Maddox's left breast in 2016 at HCMC. (Compl. ¶ 19, Nov. 23, 2020, Docket

No. 1.) Maddox consented to an incision and drainage but allegedly awoke to find that

Zera had performed a more invasive procedure which included biopsy and removal of

breast tissue. (Id. ¶¶ 19–21.)

### II.    PROCEDURAL BACKGROUND

Maddox filed an action in Minnesota state court, and, on April 24, 2020, the state

trial court granted summary judgment for Defendants, concluding that the Defendants

had not been properly served. *Maddox*, 2021 WL 1732258, at *1. On review, the

Minnesota Court of Appeals dismissed Maddox's claims due to various procedural issues,

and the Minnesota Supreme Court denied her petition for further review. *Id.*

---

[1] Because the Court does not have jurisdiction over any of her claims, the Court makes no findings on either of these issues. The Court only finds that, assuming all her allegations are true, this Court is not the proper court to seek any of the relief she has requested or could be reasonably construed to request in her Complaint.

Maddox then filed a complaint in federal court on November 23, 2020, alleging causes of action under 42 U.S.C. § 1983 and 28 U.S.C. § 2680 and asking the Court to review the state trial and appellate court decisions. (Compl. ¶¶ 8–10, 19–65.) On May 3, 2021, the Court adopted Magistrate Judge Hildy Bowbeer's recommendation to dismiss Maddox's claim without prejudice for lack of subject matter jurisdiction, finding that the *Rooker-Feldman* doctrine barred review of the state court decisions and that Maddox had failed to allege any claims that would give rise to federal court jurisdiction. *Maddox*, 2021 WL 1732258, at *2–4. Before the Court adopted the recommendation, Maddox objected to it. (Obj. to R&R ("1st Obj."), Feb. 24, 2021, Docket No. 10.) The Court considered and overruled Maddox's objections. *See Maddox I*, 2021 WL 1732558, at *2–4.

Maddox subsequently filed a Motion for Relief from Judgment and New Trial pursuant to Rules 59 and 60, alleging that Defendants Richard Zera and Jennifer Hauff lied in their affidavits, and that their attorney and others committed fraud by filing these affidavits with the court. (*See* Mot. Reconsider at 7–11, May 17, 2021, Docket No. 15.) A few days later, Maddox filed a second Rule 60 Motion, in which she argued that the medical procedure and the allegedly fraudulent affidavits constituted exceptional circumstances that prevented her from fully litigating her claims in state court. (*See* Mot. Reopen ("1st Reopen Mot.") at 2–3, May 21, 2021, Docket No. 16.) The Court denied both of these motions, finding that a Rule 59(a) motion was inappropriate because the case did not go to trial, Maddox had not identified any errors of law or fact or presented any

newly discovered evidence justifying relief under Rule 59(e), and had not established exceptional circumstances to sustain a Rule 60(b) motion. *Maddox v. Zera* ("*Maddox II*"), No. 20-2377, 2021 WL 3711054, at *2–3 (D. Minn. Aug. 20, 2021).

Maddox has now filed additional motions and petitions with the Court seeking to continue litigating her claims in federal court. First, she filed another Motion to Re-Open the Case under Rule 60(b). (Mot. Reopen ("2nd Reopen Mot."), Sept. 21, 2021, Docket No. 20.) Second, she filed an objection to the Magistrate Judge's Report and Recommendation that the Court has already adopted. (Obj. to R&R ("2nd Obj."), Sept. 21, 2021, Docket No. 21.) Third, she filed another motion seeking (1) intervention by the United States pursuant to 28 U.S.C. § 2403, (2) relief under Rule 60, and (3) a stay pending appeal. (Pet. Intervention, Sept. 21, 2021, Docket No. 23.) Fourth, after filing a Notice of Appeal to the Eighth Circuit of the Court's order denying her previous motions, she filed an Application to Proceed In Forma Pauperis on appeal. (Notice of Appeal, Sept. 21, 2021, Docket No. 24; Appl. Proceed In Forma Pauperis on Appeal, Sept. 21, 2021, Docket No. 25.) Fifth, Maddox filed a Petition for Permission to Appeal the Minnesota Supreme Court's denial of her petition for further review of her Minnesota state court case. (*See* Pet. Permission to Appeal, Sept. 22. 2021, Docket No. 26.)[2]

---

[2] Maddox also filed a new case with the Court around the same time she filed the various motions in this case. The Complaint in this new case was duplicative of this case. (*See* Case No. 21-2092, Compl., Sept. 22, 2021, Docket No. 1.) Because the parties, actions, and available relief in that case was significantly the same as this case, the Court dismissed the new case. (Case No. 21-2092, Order, Oct. 22, 2021, Docket No. 3.)

## DISCUSSION

Maddox continues to proceed pro se in this case.  The Court will, therefore, continue to construe the various motions she has made liberally and address various possible motions and grounds for relief that the filings may be reasonably construed as raising.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bracken v. Dormire*, 247 F.3d 699, 703 (8th Cir. 2001).

## I.   RULE 60(B) MOTION FOR RELIEF

Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quotation omitted).  The Court may grant relief from a final order or judgment under Rule 60(b) based on particular circumstances, including mistake, newly discovered evidence, or fraud.  Fed. R. Civ. P. 60(b).  A Rule 60(b) motion "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

---

It appears that Maddox may have been attempting to heed the Court's suggestion that she file another complaint that is properly within the Court's jurisdiction.  *See Maddox II*, 2021 WL 3711054, at *3.  The only possible new path to jurisdiction in the new case is that Maddox added a defendant whom Maddox alleges is a resident of Wisconsin, thereby supposedly creating diversity jurisdiction.  (Case No. 21-2092, Compl. at 3.)  There must, however, be **complete** diversity between the plaintiffs and the defendants to establish diversity jurisdiction.  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).  In other words, if even one defendant holds citizenship in the same state as even one plaintiff, a court does not have diversity jurisdiction.  Because Maddox continued to name defendants with Minnesota citizenship, the new case also did not invoke the Court's diversity jurisdiction leaving the Court with the same lack of jurisdiction as this case.

Maddox's argument in support of her new Rule 60(b) motion is identical to that of her previous motion the Court denied except for the first paragraph. (*Compare* 1st Reopen Mot., *with* 2nd Reopen Mot.)  The first paragraph in her new motion added: "Plaintiff is challenging whether the chief judge's determination to dismiss her complaint for misconduct upon the court's judicial administration is why we are here today; defendants was [sic] told this is state court and their defense was to commit fraud upon the court with fraudulent evidence." (2nd Reopen Mot. at 1.)  The second half of this sentence is also only a slight modification from the first motion which asserted "This rule is why we are here today, defendants was [sic] told this is state court and their defense was to produce a big lie." (1st Reopen Mot. at 2.)

In its prior order denying Maddox's Rule 60(b) motions, the Court conducted a thorough review of each Rule 60(b) subsection that could possibly apply.  *Maddox II*, 2021 WL 3711054, at *2–3.  Because Maddox has simply refiled her previous motion the Court has already denied with only the most minor change that does not identify any new grounds for relief, she has not made the adequate showing necessary to grant this extraordinary remedy.   Therefore, the Court will deny the Motion for the reasons provided in its previous opinion in *Maddox II*.

To the extent that Maddox is challenging the Court's decision in *Maddox II* and these issues are properly before the Court, the Court will also deny this motion for the same reasons provided in *Maddox II* and because Maddox has provided no new evidence

or arguments for changing course. To the extent that Maddox is seeking to appeal the Court's previous decision, these arguments are more properly addressed to the Eighth Circuit.[3]

## II.   OBJECTION TO REPORT AND RECOMMENDATION

Maddox also filed an Objection to the Magistrate Judge's Report and Recommendation. Because the Court has already adopted this Report and Recommendation, *see Maddox I*, 2021 WL 1732258 (adopting the Report and Recommendation), an objection is untimely and therefore moot.

This new objection is also identical to Maddox's previous objection. (*Compare* 1st Obj., *with* 2nd Obj.) Therefore, even if it was not untimely, the Court has already considered and overruled all these arguments and objections. To the extent that this objection is meant as a Rule 59(e) or Rule 60(b) motion, it identifies no reason to grant relief under these Rules that that Court has not already considered and rejected. Therefore, the Court will overrule this objection as moot.

---

[3] The Court notes that Maddox also seeks relief under what she calls "Federal Rule of Civil Procedure 60.02." The Court assumes that she meant to refer to Minnesota Rule of Civil Procedure 60.02, which is the Minnesota state counterpart to Federal Rule of Civil Procedure 60(b). A federal court cannot grant relief under Minnesota Rule of Civil Procedure 60.02, but a Minnesota state court may. To the extent that Maddox wishes to be heard under the Minnesota Rules of Civil Procedure, Maddox may file a motion in Minnesota state court.

III.    **PETITION FOR INTERVENTION AND STAY PENDING APPEAL**

Maddox next brings a motion with three components: (1) a petition for intervention by the United States for a constitutional question under 28 U.S.C. § 2403, (2) a Motion for Relief under Rule 60, and (3) a motion for a stay of judgment pending an appeal.

Much like the Rule 60(b) Motion and the Objection to the Report and Recommendation addressed above, much of this Petition is identical to a motion Maddox has already raised. Beginning with the heading "Jurisdiction and Legal Standard," this petition is identical to her first Motion for Relief from Judgment and New Trial. (*Compare* Mot. Reconsider, *with* Pet. Intervention.) Because the Court has already considered and rejected all arguments after this heading and Maddox provides no new explanation for why the Court's decision was erroneous or should otherwise be altered, the Court will deny all arguments after this heading for the reasons provided in *Maddox II*. This includes all arguments relating to Rule 59 and Rule 60. The Court will only address in detail the two new issues this filing raises: the petition for intervention and the motion for a stay.[4]

---

[4] The Petition also claims the Court dismissed the case without reading the facts or considering the arguments Maddox has made. The Court has considered all facts, arguments, issues, and materials submitted to the Court. The Defendants have submitted no affidavits to this Court, and Maddox has also not submitted any affidavits to this Court from any of the Defendants. The Court, however, takes judicial notice that affidavits were submitted by the Defendants in the original state court case. *See Bellino v. Grinde*, No. 18-1013, 2019 WL 368398, at *1 n.1 (D. Minn. Jan. 30, 2019) (taking judicial notice of state court records). As with much of this case, it appears that Maddox does not recognize the distinction between the state and federal courts which may have caused her confusion here. A filing in state court is not a filing in

A.      28 U.S.C. § 2403 Intervention

If in a case, "the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence . . . and for argument on the question of constitutionality" if neither the United States, nor a federal agency, officer, or employee are already a party to the case.  28 U.S.C. § 2403(a).

Although the United States is not a party to this case, this statute is not applicable here.   To invoke 28 U.S.C. § 2403(a), the case must draw into question the constitutionality of an act of Congress.  Maddox does not identify any act of Congress she believes has been called into question by this case.  Neither Maddox's initial claim, nor any of her subsequent motions question the constitutionality of any statute.  In support of her § 2403 petition, Maddox alludes to several issues she refers to as "constitutional questions" or "federal questions."  Even if Maddox had a viable cause of action under a federal statute or the Constitution, they would not call into question the constitutionality of an act of Congress.

Because this case does not draw into question any act of Congress, the Court will not certify it to the Attorney General and will deny Maddox's Petition for Intervention.

---

federal court.  Still after taking judicial notice of the affidavits, the affidavits do not provide relief because the affidavits are not relevant to the Court's jurisdictional analysis.  *Maddox II*, 2021 WL 3711054, at *3.

### B.      Stay of Judgment

Finally, in this Petition, Maddox requests a stay of judgment during the pendency

of an appeal.  Courts have inherent power to stay proceedings pending appeal.  *Landis v.*

*N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990).

When deciding whether to issue a stay pending appeal, courts evaluate four factors: (1)

likelihood of success on the merits, (2) irreparable harm to the movant, (3) balance of

harms between the parties, and (4) the public interest.  *See Brady v. Nat'l Football League*,

640 F.3d 785, 789 (8th Cir. 2011); *see also Stearns v. NCR Corp.*, No. 98-2348, 2000 WL

34423090, at *2 n.1 (D. Minn. Oct. 11, 2000).

For all the reasons documented throughout this Order, Maddox is unlikely to

succeed on the merits.  She also will not suffer irreparable harm if the Court declines to

issue a stay because Maddox seeks monetary damages that will still be available to her if

she succeeds on appeal.  *See Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319

(8th Cir. 2009).  The status quo will be unaffected with or without a stay.

Therefore, the Court will deny the Motion for a Stay of the Judgment Pending

Appeal.

## IV.      APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL

Next, Maddox filed a Notice of Appeal of the Court's decision in *Maddox II* to the

Eighth Circuit and filed an Application to Proceed In Forma Pauperis on Appeal ("IFP

Application").  After reviewing the IFP Application, the Court concludes that Maddox

qualifies financially to proceed in forma pauperis.  She has shown in sufficient detail that she is unable to pay the fees and costs of appeal.  *See* Fed. R. App. P. 24(a)(1)(A).[5] Therefore, the Court will grant the IFP Application.

## V.    PETITION FOR PERMISSION TO APPEAL

Finally, Maddox filed a petition, in which she seems to be requesting permission to appeal the Minnesota Supreme Court's denial of her petition for further review. Throughout this Order and in *Maddox I* and *Maddox II*, the Court has explained why it cannot review a state court decision.  Nothing about Maddox's case or the law has changed.

To repeat, this Court is barred from reviewing Maddox's challenge to the decision of the Minnesota Supreme Court under the *Rooker-Feldman* Doctrine.  Therefore, any challenge Maddox would like to make to that decision may only be made to the United

---

[5] The Court notes that under 28 U.S.C. § 1915(e)(2)—which governs IFP proceedings— "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous."  While the Court finds this case to be without merit, it will still grant the IFP Application.  "Under the liberal rules of construction applicable to pro se complaints, an action should be deemed frivolous only if it appears beyond doubt that the petitioner can prove no set of facts in support of the claim which would warrant relief."  *Sanders v. United States*, 760 F.2d 869, 871 (8th Cir. 1985).

Although the Court has endeavored to be comprehensive in addressing all reasonable grounds for relief, given the sheer volume of arguments, it is possible the Court has omitted a reasonable argument.  Moreover, Maddox appears to challenge the validity of the *Rooker-Feldman* Doctrine itself.  While the Court is bound by the doctrine, perhaps she can make a nonfrivolous argument on appeal for overturning it or not applying it to cases like hers. Therefore, the Court finds that Maddox's pro se appeal may not be frivolous.

States Supreme Court.[6] Or she may petition the Minnesota Supreme Court to reconsider its denial. If she would like to do either of these, she does not need this Court's permission.

Because the Court is barred from considering an appeal of a Minnesota Supreme Court decision, the Court will deny this Petition for Permission to Appeal.

## CONCLUSION

The Court will deny each of the motions Maddox has filed here except her IFP Application. Maddox repeats arguments the Court has already rejected, and any new arguments are similarly meritless. Specifically, Maddox has not made an adequate showing warranting relief under Rule 60 nor that any other laws, Rules of Civil Procedure, or cases are applicable here.

It appears to the Court that Maddox misunderstands the nature of federal jurisdiction and the different roles of the federal and state courts. This misunderstanding is understandable; jurisdictional questions often trip up even experienced attorneys. To be clear, this Court does not have the power to oversee or overturn the actions of the Minnesota state courts. Almost all the arguments Maddox raises are more properly addressed to the state courts or, in some cases, to the United States Supreme Court. For

---

[6] The Supreme Court's website provides guidance on submitting documents to the Court at https://www.supremecourt.gov/filingandrules/rules_guidance.aspx. Documents such as the "Rules of the Supreme Court," "Guidelines for the Submission of Documents to the Supreme Court's Electronic Filing System," and "Guide to Filing *In Forma Pauperis* Cases" may be helpful.

her own sake, if Maddox wishes to continue pursuing these arguments, she must address them to the proper court.  This Court is not the proper court.  To the extent that Maddox can properly allege claims that sound in federal law, she may bring these claims in a federal district court, but merely recasting state claims as falling under federal law does not give a federal district court jurisdiction.  Such claims are appropriately raised in a complaint, not a Rule 60 or any other motion.  Continuing to raise the same motions and arguments in this Court will only result in further denials or an order requiring permission from a judge of this Court before any filing can be accepted.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Rule 60(b) Motion [Docket No. 20] is **DENIED**;

2. Plaintiff's Objection to the Report & Recommendation [Docket No. 21] is **DENIED**;

3. Plaintiff's Petition for Intervention, Rule 60 Motion, and Stay Pending appeal [Docket No. 23] is **DENIED**;

4. Plaintiff's Application to Proceed In Forma Pauperis on Appeal [Docket No. 25] is **GRANTED**; and

5. Plaintiff's Petition for Permission to Appeal [Docket No. 26] is **DENIED**.

DATED:  December 22, 2021
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court